WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Willie Lee Parker,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-15-01130-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition"), (Doc. 1), and Motion for Release Pending Review of Court's Decision and Recommendation ("Motion for Release"), (Doc. 50). On June 8, 2016, the Magistrate Judge to whom this case was assigned issued a Report and Recommendation ("R&R") recommending that the Petition and the Motion for Release be denied. (Doc. 52). Petitioner subsequently filed a "Motion to Object to Doc (52) to Dismiss Petitioner[']s Petition, and Responsed [sic] with Proffer Authority" ("Motion to Object") on June 22, 2016. (Doc. 53).[1] The Court now rules on Petitioner's Petition and Motion for Release.

**I.   Legal Standard**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de*

---

[1] Although entitled as a motion, the Court construes this filing as Petitioner's objections to the R&R.

1 *novo* if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review *de novo* the portions of the [Magistrate Judge's] recommendations to which the parties object"). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made."). Thus, the Court will review *de novo* the portions of the R&R to which Petitioner objected.

## II. Petition

At page 9, the R&R discusses the statute of limitations applicable to federal habeas petitions brought pursuant to 28 U.S.C. § 2254. The Court adopts this statement of the governing law.

The R&R then applies the controlling law and determines that Petitioner's Petition must be dismissed with prejudice because it was filed more than three years after the statute of limitations had expired. (Doc. 52 at 9–24). In reaching this conclusion, the R&R reviews whether statutory tolling is applicable, (*id.* at 12); and whether equitable tolling applies due to Petitioner's *pro se* status, Petitioner's allegation of ineffective assistance of counsel, the state court's delay in ruling on Petitioner's motion to extend time to file his notice of post-conviction relief ("PCR"), and Petitioner's argument that he was required to exhaust his state remedies before filing his habeas petition in federal court, (*id.* at 12–15). The R&R also reviews Petitioner's claim of actual innocence under the standards set forth in *Schlup v. Delo*, 513 U.S. 298 (1995). (*Id.* at 15–24). The R&R concludes that none of these issues prevents the statute of limitations from barring Petitioner's Petition. (*Id.* at 24).

In his Motion to Object, Petitioner does not expressly object to any particular finding of the R&R. *See* (Doc. 53). Rather, the only reference to any "objection" in the Motion to Object is the comment that "Petitioner object [sic] to the Court's recommendation to dismiss the Petition with prejudice, of petitioners [sic] claims." (*Id.* at 9). Beyond this cursory statement, the Motion to Object simply reasserts that Petitioner is innocent and reviews the state court's delay in ruling on Petitioner's motion for a time extension. (*Id.* at 1–7). Although Petitioner does not expressly state that he objects to the R&R's findings on these issues, because Petitioner is an incarcerated, *pro se* litigant, the Court will construe his arguments regarding these two issues as objections. Nonetheless, because Petitioner does not object to or discuss any other portion of the R&R in his Motion to Object, *see* (*id.*), the Court accepts and adopts the R&R's findings regarding the commencement of the statute of limitations time period, (Doc. 52 at 9–10); the mailbox rule, (*id.* at 11); statutory tolling, (*id.* at 12); and equitable tolling as to Petitioner's *pro se* status, allegation of ineffective assistance of counsel, and exhaustion, (*id.* at 12–15). The Court will now review *de novo* the two issues discussed in Petitioner's Motion to Object: (1) the state court's delay in ruling on Petitioner's time extension motion and (2) Petitioner's claim of actual innocence.

### A. Motion for Time Extension

Pursuant to Arizona Rule of Criminal Procedure 32.4, Petitioner was required to file a notice of PCR within ninety days of being sentenced by the Arizona state court. Eighty-seven days after Petitioner was sentenced, he filed a "Motion for Extension of Time to File Rule 32," seeking an unspecified extension of time to file a notice of PCR. When filing his motion for a time extension, Petitioner claims that he relied on the "Arizona Constitution & U.S. Constitutional Amendment, Art 6. Sub. 21, [which] says 'every matter submitted to a judge of the superior court for his decision shall be decided within (sixty days) from the date of submission thereof.'" (Doc. 53 at 1) (parenthesis in original). The state court did not rule on Petitioner's motion before the ninety day period lapsed. One-hundred and fifty-three days after being sentenced, Petitioner filed a notice

of PCR. According to Petitioner, because the state court did not promptly grant Petitioner's motion for a time extension, that "caus[ed] Petitioner[']s PCR to be late, as if it was done 'egregiously.'" (*Id.*)

When determining whether the statute of limitations should be equitably tolled, the R&R considers the state court's delay in ruling on Petitioner's motion for an extension of time. (Doc. 52 at 13–14). The R&R explains that there is no substantive or procedural guarantee that an eleventh hour time extension motion will be ruled upon before an impending deadline and concludes that Petitioner bore the risk of filing such a late motion. (*Id.*) The R&R further finds that there is no evidence that Petitioner was prevented from filing his notice on time. (*Id.*) Consequently, the R&R determines that the trial court's delay in ruling on the motion was not an extraordinary circumstance warranting equitable tolling. (*Id.*)

The Court agrees with the R&R that the state court's delay in ruling on Petitioner's last minute motion for a time extension was not an extraordinary circumstance that justifies equitable tolling. There is no evidence indicating that Petitioner was prohibited or prevented from filing his PCR notice within ninety days of his sentence. Further, as detailed by the R&R, Petitioner did not exhibit diligence by filing his notice within the un-extended deadline. In any event, even if Petitioner did in fact rely on subsection 21 of article 6 of the Arizona Constitution, he still acted in a dilatory manner. Namely, Petitioner waited over 150 days after his sentence to file a notice of PCR, more than three years to file a federal habeas petition after the state court deemed his notice untimely, and over sixteen months after the Arizona Court of Appeals affirmed the trial court's decision that the notice was untimely. Accordingly, to the extent Petitioner objected to this portion of the R&R, his objection is overruled.

### B.     Actual Innocence

Within a span of eight months, Petitioner was detained on three separate instances for driving under the influence ("DUI"). Petitioner ultimately pled guilty to one count of aggravated DUI for each occurrence. As recounted by the R&R, the counts were

1  aggravated because Petitioner "committed each DUI while his driver's license or
2  privilege to drive was suspended, canceled, revoked, or refused, or while a restriction was
3  placed on his license as a result of a prior DUI." (Doc. 52 at 2) (citation omitted). The
4  suspended license was issued to one "Maurice Davis." Fingerprint analysis conducted by
5  the Phoenix Police Department confirmed with 100% certainty that Petitioner was issued
6  the suspended "Maurice Davis" driver's license.

7  Petitioner asserts that he possessed a valid driver's license in his name, Willie Lee
8  Parker, at the time of two of the three DUIs. (Doc. 53 at 4–5). Petitioner argues that he
9  "NEVER obtained a driver[']s license in the name Maurice Davis, and stand by a resolute
10 to that avouch [sic]." (*Id.* at 4). According to Petitioner, "fingerprints [sic] analysis is not
11 a drivers [sic] license." (*Id.* at 6). Petitioner asserts that he is not Maurice Davis because
12 his birth date and social security number are different than that of Maurice Davis. (*Id.* at
13 4). Petitioner states that if the Government "could produce that drivers [sic] license of
14 Maurice Davis it would destroy Petitioners [sic] ['factual innocence'] of his claim." (*Id.*
15 at 6) (brackets in original). Petitioner suggests that the Government should "compare
16 Maurice Davis driving license (made up) profile to Petitioner's exibit [sic] 1 and prove
17 [sic] a photo link to Petitioner and Maurice Davis driving no. (B12374523)." (*Id.* at 6).
18 Consequently, Petitioner asserts that he is being held unconstitutionally because his "real
19 offense" is a misdemeanor, not aggravated DUI. (*Id.*)

20 Although it appears that a driver's license issued to "Willie Lee Parker" was valid
21 at the time of two of the DUIs, fingerprint analysis conducted by the Phoenix Police
22 Department established with a "0% chance of error" that Petitioner was previously issued
23 a driver's license using the alias Maurice Davis. (Docs. 42 at 20; 42-2 at 2). There is also
24 evidence that the Maurice Davis driver's license was suspended in 1992 in connection
25 with a DUI and has never been reinstated. (Docs. 36-1 at 2–3; 42-1 at 11). Based on this
26 evidence, the Court agrees with the R&R that Petitioner's self-serving statement that he
27 never obtained a driver's license under the name Maurice Davis is insufficient to satisfy
28 the *Schlup* Gateway which requires "new reliable evidence" proving a petitioner's actual

innocence. *Schlup*, 513 U.S. at 324. Petitioner presents no evidence beyond his self-serving statement that he never obtained a driver's license using the alias Maurice Davis. In contrast, there is evidence with a "0% chance of error" that Petitioner's fingerprints match the fingerprints of Maurice Davis. There is no basis to conclude that no reasonable juror would have convicted Petitioner in light of his disavowals. Because the evidence shows that Petitioner was issued a driver's license using the alias "Maurice Davis" and that the license was suspended at the time of Petitioner's three DUIs in 2008 and 2009, Petitioner's claim of actual innocence fails. Accordingly, to the extent Petitioner objected to this portion of the R&R, his objection is overruled.

### III. Motion for Release

Because this Order rules on Petitioner's Petition, his Motion for Release pending review of his Petition is denied.

### IV. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation, (Doc. 52), is accepted and adopted as stated above; Petitioner's objections, (Doc. 53), are overruled; and Petitioner's Motion for Release Pending Review of Court's Decision and Recommendation, (Doc. 50), is **DENIED**.

**IT IS FURTHER ORDERED** that the claims in the Petition are dismissed as specified in the Report and Recommendation, (Doc. 52 at 25), and the Clerk of the Court shall enter judgment accordingly.

**IT IS FINALLY ORDERED** that, in the event Petitioner files an appeal, a Certificate of Appealability is denied because, to the extent the Petition was dismissed, such dismissal was based on a plain procedural bar and jurists of reason would not find this Court's procedural rulings debatable or wrong.

Dated this 8th day of August, 2016.

James A. Teilborg
Senior United States District Judge